UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **STEPHANIE RHODES,** | ) |
| | ) |
|    **Plaintiff,** | ) |
| | ) |
|    vs. | )   **CASE NO. 7:12-cv-3921-SLB** |
| | ) |
| **WALGREEN CO., INC.,** | ) |
| | ) |
|    **Defendant.** | ) |

# MEMORANDUM OPINION

This case is presently pending before the court on Walgreen Co., Inc.'s Motion to Dismiss, or in the Alternative, for More Definite Statement. (Doc. 6).[1] Upon consideration of the Motion, the relevant law, and the arguments of counsel, the court is of the opinion that defendant's Motion to Dismiss is due to be denied and its Motion for a More Definite Statement is due to be granted.

# I. STANDARD OF REVIEW

A complaint is required to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) if the plaintiff has failed to state a claim upon which relief may be granted. In order to survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint "does not need detailed factual

---

[1] Reference to a document number, ("Doc. ___"), refers to the number assigned each document as it is filed in the court's record.

allegations"; however, the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted).[2] Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations and footnote omitted). The plaintiff need not prove his case, but must plead "enough facts to state a claim to relief that is *plausible* on its face." *Id.* at 570 (emphasis added). Additionally, "[w]hen considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993)). Further, all "reasonable inferences" are drawn in favor of the plaintiff. *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002). However, "'[u]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal.'" *Dalrymple v.*

---

[2] In *Bell Atlantic Corp. v. Twombly*, the United States Supreme Court abrogated the oft-cited standard that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," which was set forth in *Conley v. Gibson*, 355 U.S. 41 (1957). *See Twombly,* 550 U.S. at 561 (quoting *Conley*, 355 U.S. at 45-46). The Supreme Court stated that the "no set of facts" standard "is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 562-63. The "decision in *Twombly* expounded the pleading standard for 'all civil actions.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009).

*Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (quoting *Marsh v. Butler Cnty.*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001)).  Therefore, though the court must accept all factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (citation omitted).

## II. FACTS AND PROCEDURAL HISTORY[3]

Stephanie Rhodes ("plaintiff") is a 31-year-old woman currently employed by Walgreen Co., Inc. ("defendant") at one of its locations in Northport, Alabama.  (Doc. 9 ¶ 6-7.)  She has been diagnosed with Systemic Lupus Erythematosus and Mixed Connective-Tissue Disease, and also suffers from Rheumatoid Arthritis, Raynaud's Phenomenon, and tightening of her skin.  (*Id.* ¶¶ 8-9.)  As a result of her medical conditions, plaintiff has sustained damage to her heart, muscles, joints, and lungs, and occasionally needs to sit down to regain her energy.  (*Id.* ¶¶ 10-11.)  She has also become especially sensitive to cold temperatures, and handling cold items can cause her pain and allegedly "irreversible damage."  (*Id.* ¶ 12.)  To control these symptoms, plaintiff's doctor has instructed her to take medication consistently every night in order to prevent changes to her routine, which could aggravate the symptoms.  (*Id.* ¶ 13.)

In addition, plaintiff alleges that she has let defendant know—though she does not say how she let it know, nor does she give any facts in support of the assertion—that she

---

[3] The "facts" are drawn from the Complaint and for purposes of defendant's Motion to Dismiss are accepted as true.  *See Twombly*, 550 U.S. at 572; *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321-22 (11th Cir. 2012) (citing *Lanfear v. Home Depot, Inc.*, 679 F.3d 1267, 1271 n.4 (11th Cir. 2012)).

occasionally becomes exhausted,[4] that she is very sensitive to cold, and that she must take medication at nighttime. (*Id.* ¶ 14.) She further claims that she gave defendant notes from her doctor supporting each of the above alleged facts, and that though she has repeatedly requested reasonable accommodation from defendant, she has not been provided with it. (*Id.* ¶¶ 14-15, 19.) Specifically, she alleges that she asked defendant to (1) give her a stool so that she could rest when needed, (2) not require her to stock the freezer, (3) give her responsibilities other than those right next to the store entrance (where it gets cold), permit her to wear warmer clothing, and/or allow her to use a space heater, and (4) require her to work only day shifts. (*Id.* ¶ 16-18.)

Finally, plaintiff alleges that defendant cut her work hours, that it refused to give her "additional shift, new responsibilities, or available employment positions," and that it singled her out for "unwarranted discipline, harassments, and threats of termination," all because of her disability. (*Id.* ¶¶ 29-31.) In addition to the above alleged facts, nearly all of the remaining "factual allegations" are comprised of conclusory statements and legal conclusions without any factual support. (*Id.* ¶¶ 14, 15, 19, 22, 26, 27, 28, 29, 30, 31, 32, 33.)[5] For example, plaintiff alleges that she is regarded by defendant as having an impairment, that she

---

[4] Though the Amended Complaint states that plaintiff occasionally becomes "exacerbated," (*see* doc. 9 ¶¶ 14, 16), counsel for plaintiff informed the court at oral argument that this was an error and that the Complaint was meant to allege that plaintiff occasionally becomes "exhausted."

[5] In addition, paragraphs 20, 21, and 23, which allege that plaintiff is substantially limited in certain activities and that she is disabled, are conclusory if viewed in a vacuum. (*See* doc. 9 ¶¶ 20-21, 23.) However, these statements have at least some factual support because plaintiff describes her medical conditions earlier in her Complaint. (*See id.* ¶¶ 8-13.)

4

is disabled for purposes of the ADA, that she is a qualified individual for purposes of the ADA, that defendant cut her work hours because of her disability, and that she has been discriminated against by defendant under the ADA, among other allegations. (*Id.* ¶¶ 22, 23, 28, 29, 32.)  As discussed later, while these allegations may satisfy the bare elements of her claims, plaintiff has provided defendant with virtually no supporting facts.

On November 20, 2012, plaintiff filed her Complaint against defendant, alleging claims under the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA") and 42 U.S.C. § 1983.  (Doc. 1 ¶ 1.)  Subsequently, on March 19, 2013, defendant filed its Motion to Dismiss, or in the Alternative, for More Definite Statement.  (Doc. 6.)  On April 11, 2013, defendant gave its written consent to the filing of an Amended Complaint, (*see* doc. 9-1), and plaintiff filed her First Amended Complaint, which deleted all of the original Complaint's references to § 1983 and now alleges claims under only the ADA, (*see* doc. 9). The Amended Complaint brings three causes of action against defendant: (1) discrimination under the ADA, (2) failure to accommodate under the ADA, and (3) retaliation, interference, coercion, and intimidation under the ADA.  (*Id.* at 6-7.)

### III.  DISCUSSION

As a preliminary matter, the court notes that because plaintiff filed an Amended Complaint with written consent from the defendant, under Federal Rule of Civil Procedure 15(a)(2),[6] the court's leave was not required.  In addition, while an amended complaint often

---

[6] Rule 15(a)(2) states that after the time for amending as a matter of course has expired, "a party may amend its pleading only with the opposing party's written consent or the court's

moots a pending motion to dismiss, "[i]f some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading. To hold otherwise would be to exalt form over substance." 6 Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* § 1476 (3d ed. 2010). Here, not only does the Amended Complaint change nothing other than the § 1983 allegations, but both parties have assumed that defendant's Motion is still pending. Specifically, plaintiff filed her Response to Walgreen Co., Inc.'s Motion to Dismiss, or in the Alternative, for More Definite Statement, (doc. 8), just before filing her Amended Complaint, and defendant responded with its Reply to Plaintiff's Response to Defendant's Motion to Dismiss, or in the Alternative for More Definite Statement, (doc. 10). The parties' arguments focus on the portions of plaintiff's Amended Complaint that are identical to the original Complaint and that defendant challenged in its Motion to Dismiss. (*See* doc. 8; doc. 10.) Accordingly, plaintiff's Amended Complaint has not mooted defendant's Motion to Dismiss, and it is therefore reviewable by the court.

Rather than specifically identifying deficiencies with each of plaintiff's causes of action, defendant's main argument focuses on the fact that plaintiff has not met the pleading standard of Federal Rule of Civil Procedure 8(a)(2) as articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). (Doc. 6 ¶ 3.)

---

leave." Fed. R. Civ. P. 15(a)(2).

It asserts that under *Iqbal*, the Supreme Court clarified that a court need not accept as true legal conclusions that are alleged in a complaint, as well as stated that "'[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice' to state a claim under the Federal Rules." (*Id.* ¶ 6 (quoting *Iqbal*, 556 U.S. at 678).) Plaintiff responds that she need not establish a prima facie case, but only needs to "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." (Doc. 8 ¶ 13 (quoting *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009)).) She further argues that the standard requires factual allegations of the type alleged in her Complaint and that the court must take her factual allegations in the Complaint as true. (*Id.* ¶ 12.)

With the exception of plaintiff's allegations regarding her medical problems, (*see* doc. 9 ¶¶ 8-13), and her descriptions of the accommodations that she requested, (*see id.* ¶¶ 16-18),[7] the court agrees with defendant that plaintiff's Complaint consists almost entirely of legal conclusions and conclusory allegations, with virtually no supporting facts. *See Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). Though the court agrees with plaintiff that the

---

[7] The court notes, however, that though plaintiff does give descriptions of the "reasonable accommodations" that she requested, she still neglects to include information such as who she requested the accommodations from and anything at all about defendant's alleged denial of her request. Though they need not be detailed, these sort of supporting facts are necessary to inform defendant of her claims. *See Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008) ("The point [of Rule 8(a)(2)] is to 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" (quoting *Twombly*, 550 U.S. at 555)).

7

court must take factual allegations that are alleged in the Complaint as true, *see Twombly*, 550 U.S. at 572, it also agrees with defendant that the majority of plaintiff's "facts" are actually legal conclusions couched as factual allegations, which means that the court ought not accept them as true. *See id.* at 555 ("[O]n a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986))); *Iqbal*, 556 U.S. at 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). Accordingly, the court must determine whether plaintiff states any cause of action without giving any consideration to the legal conclusions within her Complaint. *See Chapman v. U.S. Postal Serv.*, 442 F. App'x 480, 483 (11th Cir. 2011) ("In considering a motion to dismiss, a court should eliminate any legal conclusions contained in the complaint, and then determine whether the factual allegations, which are assumed to be true, give rise to relief." (citing *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010))). Without considering plaintiff's legal conclusions, the court finds that she does not state a cause of action under any of the three Counts that she alleges.

To be more specific, the court will briefly explain why each of plaintiff's causes of action fails to state a claim. First, plaintiff alleges a cause of action for discrimination under the ADA. (Doc. 9 at 6-7.) In order to properly state a claim under the ADA, plaintiff must allege (1) that she suffers from a disability, (2) that she is a qualified individual, and (3) that a covered entity discriminated against her on account of her disability. *Cramer v. State of*

*Fla.*, 117 F.3d 1258, 1264 (11th Cir. 1997) (citing *Holbrook v. City of Alpharetta*, 112 F.3d 1522, 1526 (11th Cir. 1997)).  While plaintiff may have plausibly alleged that she suffers from a disability by providing facts in support of the statement that she is "disabled," (*see* doc. 9 ¶¶ 8-13, 20, 21, 23),[8] she states only that she is a qualified individual for purposes of the ADA with no factual support, (*id.* ¶ 28), as well as provides no facts to support the causation requirement of the third element.[9]  *See, e.g.*, *Scott v. Fla. Dep't of Educ. Div. of Vocational Rehab.*, 3:08-CV-228-J-32MCR, 2008 WL 2245613, *2 (M.D. Fla. May 9, 2008) *report and recommendation adopted*, 3:08-CV-228-J32MCR, 2008 WL 2396760 (M.D. Fla. May 29, 2008) (noting that plaintiff "failed to allege any facts demonstrating that she is a qualified individual with a disability" and that she "also failed to state any facts supporting her allegation that she was [discriminated against] because of her disability"); *cf. Riebe v. E-Z Serve Convenience Stores, Inc.*, CA 00-0358-P-C, 2000 WL 1566516, *4 (S.D. Ala. Sept. 29, 2000) ("In her amended complaint, Riebe clearly alleges that she is a 'qualified individual

---

[8] The court does not decide at this point whether plaintiff has satisfied the requirements for alleging a disability, but simply notes that the Complaint appears, on its face, to have properly alleged facts in support of plaintiff's disabilities.  (*See* doc. 9 ¶¶ 8-13.)

[9] By way of example, plaintiff might satisfy the pleading standard as to the third element by stating something akin to "John Doe, the manager at defendant's store, frequently made fun of plaintiff for having to occasionally rest.  He also told her on more than one occasion that he was cutting her hours and refused to give her additional shifts because she was disabled and 'too slow.'"  Such a statement would provide at least plausible facts in support of the bare assertions in plaintiff's Complaint that defendant "refused to give [her] additional shift[s]" and "cut [her] work hours."  (Doc. 9 ¶¶ 29-30.)  The court is not suggesting that this format is the only way that plaintiff could provide enough supporting facts to allege a plausible claim, but merely offers this as one example that might suffice.

with a disability,' *and sufficiently supports that designation with averments that she is capable of returning to work and performing the essential functions of her job.* Therefore, plaintiff has sufficiently stated a claim for relief under the ADA." (emphasis added)).

Second, plaintiff alleges a cause of action for failure to accommodate under the ADA. In order to state a prima facie claim for failure to accommodate, plaintiff must allege that (1) she is disabled; (2) she is a qualified individual; and (3) she was discriminated against "by way of the defendant's failure to provide a reasonable accommodation." *McKane v. UBS Fin. Servs., Inc.*, 363 F. App'x 679, 681 (11th Cir. 2010) (citing *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1255 (11th Cir. 2001)); *see also Marshall v. Aryan Unlimited Staffing Solution/Fanueil Inc./MC Andrew & Forbs Holding*, 12-81404, 2013 WL 836990, *5 (S.D. Fla. Mar. 6, 2013) ("[T]o establish a[n ADA claim] for failure to accommodate, plaintiff must show: (1) she is disabled within the meaning of the Act; (2) she is otherwise qualified for the position, with or without a reasonable accommodation; (3) her employer knew or had reason to know about her disability; (4) she requested a reasonable accommodation, and (5) her employer failed to provide the necessary accommodation." (citations omitted)).

Again, while plaintiff seems to have sufficiently alleged the first element—that she is disabled, (*see* doc. 9 ¶¶ 8-13, 20, 21, 23)—she provides no facts in support of her allegation that she is qualified, (*id.* ¶ 28), nor in support of defendant's alleged failure to provide her with reasonable accommodations,[10] (*id.* ¶ 19). Though, as noted earlier, she does

---

[10] Again, by way of example, in order to allege facts sufficient to satisfy the third element of this claim, plaintiff might allege (after listing the accommodations that she requested) that

give factual support for the accommodations that she requested, (*see* doc. 9 ¶¶ 16-18), something more is needed in order to state a claim. *See, e.g.*, *Hopkins v. Saint Lucie Cnty. Sch. Bd.*, 399 F. App'x 563, 566 (11th Cir. 2010) (stating that the plaintiff's "complaint lists conclusory allegations of discrimination and fails to provide, as required by *Twombly* and *Iqbal,* the 'sufficient factual matter' to establish a prima facie case").

Third, plaintiff alleges a cause of action for retaliation under the ADA. In order to establish a prima facie case of retaliation under the ADA, plaintiff must show that (1) she participated in a statutorily protected activity or expression; (2) she suffered an adverse action; and (3) the adverse action was casually related to the protected activity. *Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1180 (11th Cir. 2003). Plaintiff has also failed to state a cause of action for this third claim. The most plaintiff alleges in her Complaint that could possibly support her retaliation claim is that she "complained about her treatment to management at the store in which she works and the Walgreen Co., Inc. District office. The problems were not remedied. Instead, the discrimination became worse." (Doc. 9 ¶ 33.)

---

"plaintiff asked defendant's manager John Doe for these accommodations in January of 2013, but he immediately told her that it was not his fault she was sensitive to cold and that she would 'have to suffer like the rest of them.' He refused her request, despite her doctor's notes." Just these two sentences would provide enough facts to plausibly suggest that plaintiff was "discriminated against by way of the defendant's failure to provide a reasonable accommodation." *See McKane*, 363 F. App'x at 681. Again, the court does not suggest that this format is the only way that plaintiff could provide enough supporting facts to properly allege the third element of a failure to accommodate claim, but offers this only as one example that might suffice.

Again, plaintiff has failed to allege facts in support of this allegation: for example, she never gives factual support for what the "treatment" is that she complained about,[11] she does not say who the management she complained to was (nor how they reacted to her complaint(s)), she does not give any facts for how the discrimination became worse or facts that plausibly allege that she was subject to an adverse action, and she does not give any factual allegations to support a temporal connection between her complaint(s) and any adverse action. *See, e.g.*, *Bowers v. Bd. of Regents of Univ. Sys. of Ga.*, 12-12244, 2013 WL 563180, *4-5 (11th Cir. Feb. 15, 2013) (affirming dismissal of retaliation claim because plaintiff had not alleged close enough temporal proximity between the alleged adverse action and the alleged protected activity); *see also id.* at *4 ("To demonstrate causation, a plaintiff must show that the decision-makers were aware of the protected conduct, and that the protected activity and the adverse actions were not wholly unrelated. Causation may be inferred by a close temporal proximity between the protected activity and the adverse action. But mere temporal proximity, without more, must be very close." (internal quotation marks and citations omitted)). Accordingly, the court finds that plaintiff has failed to state a cause of action for retaliation under the requirements of Rule 8(a)(2). *See Iqbal*, 556 U.S. at 678 ("As the Court held in *Twombly*, . . . the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." (citations omitted)).

---

[11] In other words, there is nothing in the Complaint that shows plaintiff engaged in statutorily protected activity or expression.

Finally, it is worth noting that the court agrees with defendant that a complaint such as the one plaintiff has filed in this case does not provide a defendant with fair notice of the claims against it so that it can adequately prepare a response. (*See* doc. 6 ¶ 11.) Not only does each Count claim that "[b]ecause of its actions outlined above," defendant is liable,[12] (doc. 9 at 6-7), but, as discussed earlier, the Complaint lacks almost any facts that would allow a defendant to determine what, exactly, plaintiff alleges to have occurred in this case. In addition, regardless of whether, as plaintiff asserts, "[d]efendant was previously put on notice of the specific claims through the EEOC complaint filed by [p]laintiff," (doc. 8 ¶ 20), the pleading standard articulated in *Twombly* and *Iqbal* must still be complied with. *See also* Fed. R. Civ. P. 8(a)(2). Accordingly, plaintiff is still required to satisfy the rule that legal conclusions in a complaint be supported by enough factual allegations to make a claim plausible on its face. *See Iqbal*, 556 U.S. at 678-79. As discussed above, the requirement is not met by plaintiff's Amended Complaint in this case.

## IV. CONCLUSION

In lieu of dismissal, the court will at this point deny the Motion to Dismiss and will permit plaintiff to replead her Complaint. Therefore, defendant's Motion to Dismiss will be denied; its Motion for More Definite Statement is granted to the extent that plaintiff will be

---

[12] This sort of pleading often results in a difficult-to-decipher complaint because it does not specifically identify which actions, specific facts, or paragraphs in the Complaint are alleged in support of which particular causes of action.

13

allowed to replead her Complaint to set forth sufficient factual allegations to satisfy Rule 8(a)(2). An Order will be entered contemporaneously with this Opinion.

**DONE**, this 18th day of June, 2013.

/s/ Sharon Lovelace Blackburn
_____
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE